**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ARANDELL HOLDINGS, INC,<br><br>          Debtor. | Chapter 11<br><br>Case No. 20-11941 (__) |
| In re:<br><br>ARANDELL CORPORATION,<br><br>          Debtor. | Chapter 11<br><br>Case No. 20-11942 (__) |
| In re:<br><br>ARANDELL KENTUCKY, LLC,<br><br>          Debtor. | Chapter 11<br><br>Case No. 20-11943 (__) |

**MOTION OF THE DEBTORS FOR AN ORDER AUTHORIZING
JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned affiliated debtors and debtors in possession[1] hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only. In support of this Motion, the Debtors rely upon and incorporate by reference the *Declaration of James G. Keane in Support of the Chapter 11 Petitions and First Day Motions* (the "Keane Declaration"), as well as the *Declaration of Bradley J. Hoffman in Support of the Chapter 11 Petitions and First Day Motions* (the "Hoffman Declaration" and together with

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: Arandell Holdings, Inc. (5311) ("Arandell Holdings"), Arandell Corporation (4270) ("Arandell Corporation"), and Arandell Kentucky, LLC (1505) ("Arandell Kentucky" and together with Arandell Holdings and Arandell Corporation, the "Debtors"). The Debtors' corporate headquarters is located at N82 W13118 Leon Road, Menomonee Falls, WI 53051.

26872936.1

the Keane Declaration, the "First Day Declarations")[2] filed contemporaneously herewith. In further support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 1015-1.

## Background

3. On the date hereof (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors are authorized to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No official committees have been appointed in the Chapter 11 Cases and no request has been made for the appointment of a trustee or an examiner.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declarations.

26872936.1

4.  Additional information regarding the Debtors' businesses, capital structure, and the circumstances leading to the filing of the Chapter 11 Cases is set forth in the First Day Declarations.

### Relief Requested

5.  By this Motion, the Debtors request that the Court enter the Proposed Order authorizing the joint administration of the Chapter 11 Cases and the consolidation thereof for procedural purposes only.

6.  Many, if not virtually all, of the motions, applications, hearings and orders that will arise in the Chapter 11 Cases will jointly affect each of the Debtors.  For this reason, the Debtors respectfully submit that the interests of the Debtors, their creditors and other parties in interest would be best served by the joint administration of the Chapter 11 Cases.  In order to functionally and economically administer the Chapter 11 Cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to debtor Arandell Holdings.

7.  The Debtors also request that the Clerk of the Court maintain one (1) file and one (1) docket for all of the Chapter 11 Cases under the case number assigned to Arandell Holdings. In addition, the Debtors propose that the caption of the Chapter 11 Cases be modified as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| In re:<br><br>ARANDELL HOLDINGS, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-____(__)<br><br>Jointly Administered |
|---|---|

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: Arandell Holdings, Inc. (5311) ("Arandell Holdings"), Arandell Corporation (4270) ("Arandell Corporation"), and Arandell Kentucky, LLC (1505) ("Arandell Kentucky" and together with Arandell Holdings and Arandell Corporation, the "Debtors").  The Debtors' corporate headquarters is located at N82 W13118 Leon Road, Menomonee Falls, WI 53051.

26872936.1

3

8. The Debtors further request that a notation substantially similar to the following language be entered on the docket of each of the Chapter 11 Cases (other than the case of Arandell Holdings) to reflect the joint administration of the Debtors' cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Arandell Holdings, Inc., *et al*. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the docket of Arandell Holdings, Inc., Case No. 20-_____ (__) and such docket should be consulted for all matters affecting this case**.

### Basis for Relief

9. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the [C]ourt may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Rule 1015-1 similarly provides for joint administration of chapter 11 cases when the facts demonstrate that joint administration, "is warranted and will ease the administrative burden for the Court and the parties." Local Rule 1015-1. In the Chapter 11 Cases, all of the Debtors are "affiliates," as that term is defined in section 101(2) of the Bankruptcy Code, of Arandell Holdings. Accordingly, the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden on the Court and all parties in interest in the Chapter 11 Cases.

10. Joint administration will also permit the Clerk of the Court to utilize a single docket for all of the Chapter 11 Cases, and to combine notices to creditors and other parties in interest in the Debtors' respective cases. Because there will likely be numerous motions, applications, and other pleadings filed in the Chapter 11 Cases that will affect all of the Debtors, joint administration will permit counsel for all parties in interest to include all of the Debtors' cases in a single caption for the numerous documents that are likely to be filed and served in the Chapter 11 Cases. Joint

26872936.1

administration will also enable parties in interest in all of the Debtors' cases to stay apprised of all the various matters before the Court.

11. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to, "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a). Further, joint administration of the Chapter 11 Cases will not prejudice or adversely impact the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Each creditor may still file a claim against individual estates, as applicable. Moreover, all creditors will benefit from the reduced costs that will result from the joint administration of the Chapter 11 Cases.

12. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates, and creditors and, therefore, should be granted.

## Notice

13. Notice of this Motion has been provided to (i) the Office of the United States Trustee for the District of Delaware, (ii) the Debtors' twenty (20) largest unsecured creditors on a consolidated basis, (iii) counsel to the Debtors' post-petition lenders; and (iv) all parties requesting service of pleadings in these cases pursuant to Bankruptcy Rule 2002. Notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m). The Debtors respectfully submit that no other or further notice of this Motion need be provided.

*[The remainder of this page is intentionally blank.]*

**Conclusion**

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as Exhibit A: (i) granting the relief requested herein; and (ii) granting any other relief as the Court may deem proper.

| | |
|---|---|
| Dated: August 13, 2020<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/ *Matthew P. Milana*<br>Michael R. Nestor (No. 3526)<br>Andrew L. Magaziner (No. 5426)<br>Matthew P. Milana (No. 6681)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Tel:  (302) 571-6600<br>Fax:  (302) 571-1253<br>Email: mnestor@ycst.com<br>       amagaziner@ycst.com<br>       mmilana@ycst.com<br><br>-and-<br><br>STEINHILBER SWANSON LLP<br>James D. Sweet<br>Michael P. Richman<br>Virginia E. George<br>Elizabeth L. Eddy<br>122 W. Washington Ave., Suite 850<br>Madison, Wisconsin 53703<br>Tel:  (608) 630-8990<br>Fax:  (608) 630-8991<br>Email: jsweet@steinhilberswanson.com<br>       mrichman@steinhilberswanson.com<br>       vgeorge@steinhilberswanson.com<br>       eeddy@steinhilberswanson.com<br><br>*Proposed Co-Counsel for the Debtors and Debtors in Possession* |

26872936.1

# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> ARANDELL HOLDINGS, INC., <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-11942 (__) |
| In re: <br><br> ARANDELL CORPORATION, <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-11942 (__) |
| In re: <br><br> ARANDELL KENTUCKY, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 20-11943 (__) <br><br> **Docket Ref. No. ____** |

## ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Upon consideration of the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order authorizing the joint administration of the Chapter 11 Cases and the consolidation thereof for procedural purposes only; and upon consideration of the Motion and all pleadings related thereto, including the First Day Declarations; and this Court having found that it has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and this Court having found that due and sufficient notice of the Motion has been given under the particular circumstances and that no other or further notice of the Motion need be given; and this

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

26872936.1

Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found and determined that the relief requested in the Motion and provided herein is in the best interest of the Debtors, their estates, and creditors; and, after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED:

1. The Motion is GRANTED as set forth herein.

2. The Chapter 11 Cases shall be consolidated for procedural purposes only and shall be jointly administered in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3. The Clerk of this Court shall maintain one file and one docket for all of the Chapter 11 Cases, which file and docket shall be the file and docket for the chapter 11 case of Debtor Arandell Holdings, Inc., Case No. 20-_____ (__).

4. All pleadings filed in the Chapter 11 Cases must include the following consolidated caption:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ARANDELL HOLDINGS, INC. *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-_____(__)<br><br>Jointly Administered |

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: Arandell Holdings, Inc. (5311) ("Arandell Holdings"), Arandell Corporation (4270) ("Arandell Corporation"), and Arandell Kentucky, LLC (1505) ("Arandell Kentucky" and together with Arandell Holdings and Arandell Corporation, the "Debtors"). The Debtors' corporate headquarters is located at N82 W13118 Leon Road, Menomonee Falls, WI 53051.

26872936.1

5.        All original pleadings shall be captioned as indicated in paragraph 4 and the Clerk of this Court shall make docket entries in the docket of each of the Chapter 11 Cases, other than the chapter 11 case of Arandell Holdings, Inc., substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Arandell Holdings, Inc., *et al*. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in the docket of Arandell Holdings, Inc., Case No. 20-\_\_\_\_\_ (\_\_) and such docket should be consulted for all matters affecting this case**.

6.        Nothing in the Motion or this Order is intended or shall be deemed or otherwise construed as directing or otherwise effecting a substantive consolidation of the Debtors' estates.

7.        This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

26872936.1