**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| ARANDELL HOLDINGS, INC., *et al.*, | Case No. 20-11941 (JTD) |
| Debtors. [1] | (Jointly Administered) |
| | **Re: Docket No. 65** |
| | **Hearing Date: September 15, 2020 at 1:00 p.m. (ET)** |
| | **Objection Deadline: September 9, 2020 at 4:00 p.m. (ET) (For U.S. Trustee)** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

Andrew R. Vara, the United States Trustee for Region 3 and Region 9 (the "U.S. Trustee"), through his counsel, objects to *Debtors' Application For An Order Authorizing The Retention And Employment Of Young Conaway Stargatt & Taylor, LLP As Co-counsel To The Debtors, Effective As Of The Petition Date*, (D.I. 65) (the "Application"), and respectfully represents as follows:

**PRELIMINARY STATEMENT**

1.      The Application seeks to retain the firm Young Conaway Stargatt & Taylor, LLP ("YCST") as co-counsel to the above-captioned Debtors.  YCST also currently represents LSC

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: Arandell Holdings, Inc. (5311) ("Arandell Holdings"), Arandell Corporation (4270) ("Arandell Corporation"), and Arandell Kentucky, LLC (1505) ("Arandell Kentucky"). The Debtors' corporate headquarters is located at N82 W13118 Leon Road, Menomonee Falls, WI 53051.

Communications, Inc. ("LSC") as a debtor in its currently-pending chapter 11 bankruptcy case in the Southern District of New York.[2]  Upon information and belief, LSC is a competitor of the Debtor.  Furthermore, LSC is listed as the #9 creditor on the Debtors' top 20 creditors list (with a claim exceeding $400,000), such that LSC was considered for election on the Committee (defined below) in this case but was subsequently not elected, partly, because it withdrew its request to serve on the Committee.

2.      Given the above, YCST represents an interest adverse to the estate contrary to the requirements for retention under section 327(a) of the Bankruptcy Code. As such, YCST is disqualified from serving as counsel to the above-captioned Debtors due to the actual conflict arising from its concurrent representation of Arandell and LSC.

### JURISDICTION AND STANDING

3.      The Court has jurisdiction to hear this objection.

4.      Pursuant to 28 U.S.C. § 586, the U.S. Trustee is generally charged with overseeing the administration of chapter 11 cases filed in this District.  28 U.S.C. § 586. Under Section 586 and Section 307 of the Bankruptcy Code, Congress charged the U.S. Trustee with broad responsibilities in chapter 11 cases and the standing to rise and be heard on any issue in any case or proceeding.  11 U.S.C. § 307; *see also United States Trustee v. Columbia Gas Sys., Inc.* (*In re Columbia Gas Sys., Inc.*), 33 F.3d 294, 295-96 (3d Cir. 1994) (the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

---

[2] *See In re LSC Communications, Inc.*, Case No. 20-10950 (Bankr. S.D.N.Y. April 13, 2020).

5.      Under 28 U.S.C. § 586(a)(3)(1), the U.S. Trustee is charged with monitoring applications filed under 11 U.S.C. § 327 "and, whenever the United States trustee deems it to be appropriate, filing with the court comments with respect to the approval of such applications."

## BACKGROUND

6.      On August 13, 2020 (the "Petition Date"), each of the Debtors commenced a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

7.      The Debtors are authorized to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.      On August 25, 2020, the U.S. Trustee appointed the official committee of unsecured creditors in this case comprised of five members (the "Committee"). *See* D.I. 63.

9.      According to the *Declaration of Bradley J. Hoffman in Support of the Chapter 11 Petitions and First Day Motion* (D.I. 12), Debtor Arandell Corporation is a nearly 100-year-old commercial printing company located in Wisconsin and "ranks as the third largest printer of catalogs in the United States." *See* D.I. 12 at ¶¶ 20, 24. Its largest customers are "blue chip major retailers and recognized brands using direct mail catalogs to promote both in-store and e-commerce sales." *See id*. at ¶ 27.

10.     The top 20 creditors list filed in this case lists LSC as the top 9 creditor with an undisputed claim totaling $403,331.81 for "accounts payable." *See* D.I. 1. Upon information and belief, the claim is on account of shipping services LSC provided to the Debtors.

11.     LSC is headquartered in Chicago and offers a "broad scope of traditional and digital print products, print-related services, and office products, [and is] a market leader in serving the needs of publishers, merchandisers, and retailers worldwide[.]" *See Declaration Of Andrew B. Coxhead In Support Of The Debtors' Chapter 11 Petitions And First Day Pleadings, In re LSC*

*Communications, Inc.*, Case No. 20-10950 (Bankr. S.D.N.Y. April 13, 2020).   LSC "prints

magazines, catalogs, directories, books and some direct mail products, and manufactures office

products, including filing products, envelopes note-taking products, binder products, and forms."

*See id*.

12.     LSC and its affiliates filed their chapter 11 bankruptcy petitions in the United States

Bankruptcy Court for the Southern District of New York on April 13, 2020.   LSC's main debtors'

counsel in that case is the Sullivan & Cromwell LLP firm.   YCST was retained in LSC's case as

debtors' co-counsel on May 14, 2020.   YCST has not disclosed in LSC's bankruptcy case that it

also proposes to represent Arandell in its bankruptcy case.

13.     The U.S. Trustee considered LSC for appointment on the Committee, but the U.S.

Trustee subsequently did not elect LSC.   Before the U.S. Trustee appointed the Committee, LSC

withdrew its request to serve on the Committee due to a concern that an acquirer of its assets in

the pending S.D.N.Y. bankruptcy case might also be interested in acquiring Arandell's assets in a

bankruptcy sale process.

14.     On August 25, 2020, the Debtors filed the Application, seeking to retain YCST as

co-counsel to the Debtors during the pendency of these Chapter 11 cases pursuant to section 327(a)

of the Code. *See* D. I. 65.

15.     In support of the Application, the *Declaration Of Michael R. Nestor In Support Of*

*The Debtors' Application For An Order Authorizing The Retention And Employment Of Young*

*Conaway Stargatt & Taylor, LLP As Co counsel To The Debtors, Effective As Of The Petition*

*Date* (the "Nestor Declaration") was filed at D.I. 65-2.   The Nestor Declaration states the

following:

Based on the conflicts and connections search conducted and described herein, to the best of my knowledge, neither I, Young Conaway, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtors or any other parties-in-interest herein, except as stated below:

. . . .

d. Young Conaway currently represents the following Interested Parties, or parties who may be affiliated with such Interested Parties, in matters wholly unrelated to the Debtors and the Chapter 11 Cases:

• LSC Communications, Inc. [4]

16.    Footnote 4 states as follows:

Young Conaway is co-counsel to LSC Communications, Inc. and affiliates ("LSC") in their chapter 11 cases pending in the United States Bankruptcy Court for the Southern District of New York, Case No. 20-10950 (the "LSC Bankruptcy Cases"). In light of Young Conaway's representation of the Debtors in these Chapter 11 Cases, and Young Conaway's representation of LSC in the LSC Bankruptcy Cases, Young Conaway will not represent the Debtors in any matter that is actively adverse to LSC in these Chapter 11 Cases and will not represent the Debtors in any matter that is actively adverse to the LSC in the LSC Bankruptcy Cases.

17.    The Engagement Agreement between the Debtors and YCST shows that the

Debtors retained YCST on March 26, 2020.[3]

---

[3] The Engagement Agreement contains the following provision at section 4:

Our firm represents many other Companies and individuals. This letter will confirm your agreement that, after conclusions of this engagement on behalf of the Companies, we may represent clients in any matter that is not substantially related to our work for the Companies in this matter, even if the interests of such clients in those matters are directly adverse to you. We will not represent any party adverse to you with respect to the matters for which you engage us to represent you pursuant to this engagement letter. Please be assured that, despite any such representation, we strictly preserve all client confidences and zealously pursue the interests of each of our clients, including in those circumstances in which we represent the adversary of an existing client in an unrelated case. The Companies agree that they do not consider such future representation, in unrelated matters, of the Companies and any adversary to be inappropriate and, therefore, waive any objection to any such future representation.

18.     Notwithstanding this revelation, YCST maintains that it "(i) does not hold or represent any interest adverse to the Debtors in connection with the matters upon which Young Conaway is to be engaged and (ii) is disinterested. *See* Nestor Declaration at ¶ 7.

## ARGUMENT

19.     11 U.S.C. § 327(a) permits the retention of professional persons "that do not hold or represent an interest adverse to the estate . . . and that are disinterested persons."  Section § 101(14)(C) provides, in pertinent part, that a disinterested person "does not have an interest materially adverse to the interest of the estate . . . by reason of any direct or indirect relationship to, connection with, or interest in, the debtor  . . or for any other reason."

20.     Section § 327(c) reads in full as follows: "In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is an objection by another creditor or the United States Trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest."

21.     In evaluating whether a professional "holds or represents an interest adverse to the estate," it is clear that actual conflicts of interest are per se disqualifying.  In addition, while potential conflicts do not disqualify a professional per se, they are disfavored.  *See In re Marvel Entertainment Group, Inc.*, 140 F.3d 463, 476 (3d Cir. 1998) (quoting *In re BH & P, Inc.*, 949 F.2d 1300, 1316-17 (3d Cir. 1991)).

22.     In *In re Marvel Entertainment Group, Inc.*, 140 F.3d 463 (3d Cir. 1998), the court permitted the trustee's law firm to represent the trustee where the firm's representation of a creditor in matters unrelated to the case created only the potential for a conflict, and in so doing, reiterated the *BH&P* ruling:

we have studied our previous decision in great detail and today expressly reiterate its holding: (1) Section 327(a), as well as § 327(c), imposes a per se disqualification as trustee's counsel of any attorney who has an actual conflict of interest; (2) the district court may within its discretion–pursuant to § 327(a) and consistent with § 327(c)—disqualify an attorney who has a potential conflict of interest and (3) the district court may not disqualify an attorney on the appearance of conflict alone."

*Marvel*, 140 F.3d at 476.

23.     In *In re Environdyne Industries, Inc.*, 150 B.R. 1008 (Bankr. N.D. Ill. 1993), in disqualifying proposed counsel for the Debtor firm representing a substantial insider creditor, the Court stated: "This section [327(a)] is plainly concerned with a professional's divided loyalties and ensuring that professionals employed by the estate have no conflicts of interest with the estate." *Id.* at 1016.   The court restated the accepted definition of "adverse interest":

However, by judicial definition, "to hold an adverse interest" means (i) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or (ii) to possess a predisposition under the circumstances that render such bias against the estate.

*Id.* (citations omitted).

24.     Here, YCST represents and/or holds an interest adverse to the estate due to its concurrent representation of LSC in its chapter 11 case.   Ethical obligations require that YCST serve as a zealous advocate to its clients.   In this case, however, YCST cannot zealously advocate for Arandell while also serving as counsel for LSC.   First, as mentioned above, LSC is generally a competitor of Arandell.   In this sense, LSC will always be an adversary of Arandell.   Second, LSC is the top 9 general unsecured creditor of Arandell.   Accordingly, LSC is a significant claimholder in this case with competing interest to Arandell, and LSC has its own pending bankruptcy case. *See In re Big Mac Marine, Inc.*, 326 B.R. 150, 155 (B.A.P. 8th Cir. 2005) (affirming bankruptcy court's order disqualifying proposed debtor's counsel from retention under

327(a), where proposed counsel concurrently represented the debtor's largest creditor in its separately pending chapter 11 case, reasoning that proposed counsel owed a duty to creditor in the pending chapter 11 case to pursue creditor's legitimate claims, "[b]ut if employed as counsel for this chapter 11 Debtor, he would also have an obligation to represent all Debtor's creditors and to objectively analyze the validity of the [creditor's] claims to . . . being a creditor at all."); *see also In re NNN 400 Capital Center 16, LLC, et al.*, Case No. 16-12728 (JTD), *Memorandum Opinion And Order On The United States Trustee's Motion To Revoke Or Terminate Retention Of Rubin And Rubin, P.A.*, D.I. 635 (Bankr. D. Del. Sept. 4, 2020) (noting that debtor's special counsel's prepetition representation of one of debtor's largest unsecured creditors raised concerns about conflicts of interest between counsel and Debtor and revoking counsel's retention, partly, due to the failure to disclose this representation).

25.     Even if YCST "walls" itself off from any matter in this case in which Arandell is adverse to LSC, that is insufficient because conceivably *any* action taken in this case will affect LSC's recovery as a top general unsecured creditor.  On the other hand, in the LSC case, maximizing the return to the estate, including the recovery to LSC from Arandell should be a top priority. The analysis is not as simple as a proposal not to work on matters where there is an active dispute between Arandell and LSC.

26.     For these reasons, YCST will have divided loyalties if it is permitted to represent Arandell while it represents LSC.

27.     Based on the foregoing, YCST has an actual conflict that disqualifies it from representing the Debtors in these Chapter 11 Cases.

## CONCLUSION

28.     The U.S. Trustee reserves any and all duties, obligations and rights to, *inter alia*,

revise, modify, supplement or otherwise amend this motion or take any other actions as deemed

necessary.

WHEREFORE, for the reasons stated above, the U.S. Trustee respectfully requests that this Court

deny the Application and such other relief as the Court deems just, fair, and equitable.

Dated: September 9, 200          Respectfully submitted,
      Wilmington, Delaware

                                   **ANDREW R. VARA**
                                   **UNITED STATES TRUSTEE**

                    By:  /s/ *Rosa Sierra*
                                   Rosa Sierra
                                   Trial Attorney
                                   United States Department of Justice
                                   Office of the United States Trustee
                                   J. Caleb Boggs Federal Building
                                   844 King Street, Suite 2207, Lockbox35
                                   Wilmington, Delaware 19801
                                   Phone: (302) 573-6492
                                   Fax:    (302) 573-6497
                    Email: rosa.sierra@usdoj.gov