IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ARANDELL HOLDINGS, INC., *et al.,* [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-11941 (JTD)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 68 & 70** |

### ORDER (I) AUTHORIZING EMPLOYMENT AND RETENTION OF HARNEY PARTNERS AS FINANCIAL ADVISOR, EFFECTIVE AS OF PETITION DATE, AND (II) GRANTING RELATED RELIEF

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (a) authorizing the employment and retention of HMP Advisory Holdings, LLC, dba Harney Partners ("HP"), as financial advisor, effective as of the Petition Date, under the terms of the Engagement Agreement, a copy of which is attached to the Application as Exhibit C, and (b) granting related relief, all as more fully set forth in the Application; and this Court having reviewed the Application and the Keane/HP Declaration; and it appearing that this Court has jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their U.S. taxpayer identification numbers are: Arandell Holdings, Inc. (5311) ("Arandell Holdings"), Arandell Corporation (4270) ("Arandell Corporation"), and Arandell Kentucky, LLC (1505) ("Arandell Kentucky"). The Debtors' corporate headquarters is located at N82 W13118 Leon Road, Menomonee Falls, WI 53051.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Application.

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and this Court having found, based on the representations made in the Application and the Keane/HP Declaration, that HP is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code; and it appearing that the employment of HP is in the best interests of the Debtors, their estates, and creditors; and upon the record herein; and after due deliberation thereon; and this Court having determined that there is good and sufficient cause for the relief granted in this Order, therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is approved, as set forth herein.

2. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

3. Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to retain HP as financial advisor, effective as of the Petition Date, under the terms of the Engagement Agreement, except as the Engagement Agreement is modified herein, and HP is authorized to perform the financial advisory services described in the Application and set forth in the Engagement Agreement.

4. The terms of the Engagement Agreement, including, without limitation, the compensation provisions and the indemnification provision, as modified by the Application, are reasonable terms and conditions of employment and are hereby approved.

5. The indemnification provisions included in the Agreement are approved, subject to the following:

    (a) HP shall be entitled to indemnification, contribution or reimbursement pursuant to the Engagement Agreement for services, unless such services

        and the indemnification, contribution or reimbursement therefore are approved by this Court;

(b)     The Debtors shall have no obligation to indemnify HP or provide contribution or reimbursement to HP, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from any Indemnified Agent's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Debtors allege breach of HP's contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which HP should not receive indemnity, contribution or reimbursement under the terms of the Agreement, as modified by this Order;

(c)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in the Chapter 11 Cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing the Chapter 11 Cases, HP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation, the advancement of defense costs, HP must file an application therefor in this Court, and the Debtors may not pay any such amounts to HP before the entry of an order by this Court approving the payment. This subparagraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by HP for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, HP. All parties in interest shall retain the right to object to any demand by HP for indemnification, contribution and/or reimbursement;

(d)     During the course of the Chapter 11 Cases, any limitation of liability provisions in the Engagement Agreement shall have no force or effect.

6.     Notwithstanding the preceding paragraph, the Office of the United States Trustee and this Court shall retain the right to object to the compensation and fees and expenses to be paid to HP pursuant to the Application and the Engagement Agreement based on the reasonableness standard provided for in section 330 of the Bankruptcy Code, and this Court shall consider any such objection by the U.S. Trustee under section 330 of the Bankruptcy Code.

7. HP shall include in its monthly, interim, and final fee applications, among other things, time records setting forth, in a summary format, a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in one-tenth of an hour increments.

8. Notwithstanding anything to the contrary in this Order, all rights of the Official Committee of Unsecured Creditors to object to the Transaction Fee to the extent related to (a) a sale of the Debtors' accounts receivable to the Factor, or (b) the sale, assignment, or other conveyance of any interests in any real estate upon which the Debtors operate or previously operated their business are hereby reserved.

9. For the avoidance of doubt, HP shall comply with all requirements of Bankruptcy Rule 2016(a) and Local Rule 2016-2, including all information and time keeping requirements of those rules.

10. In the event that, during the pendency of these cases, HP seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in HP's fee applications and such invoices and time records shall be in compliance with Rule 2016-2(f) of the Local Rules of this Court, and shall be subject to the U.S. Trustee Guidelines and approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330 (a)(3)(C) of the Bankruptcy Code.

11. During the pendency of the Chapter 11 Cases, HP can only be terminated from representation with prior approval from this Court.

12. The Debtors and HP are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

13. To the extent there is inconsistency between the terms of the Engagement Agreement, the Application, the Keane/HP Declaration, and this Order, the terms of this Order shall govern.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: September 11th, 2020
Wilmington, Delaware

JOHN T. DORSEY
UNITED STATES BANKRUPTCY JUDGE